**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| BRETT MICHAELS CHILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-180 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Brett Chilton, a federal pretrial detainee.  ECF Nos. 1 & 5.  Petitioner seeks leave to proceed *in forma pauperis*, or without prepayment of filing fees and costs in this matter.  ECF No. 3.  Based on the financial information submitted in support, his motion will be granted and the filing fee will be waived.  Additionally, for the reasons explained below, the Court will dismiss this action without further proceedings.

**Petitioner's Pending Criminal Matter**

Petitioner is a federal pretrial detainee, currently housed at the Ste. Genevieve County Jail in Ste. Genevieve, Missouri.  Petitioner has been charged in this Court with one count of being a felon in possession of a firearm.  *See U.S. v. Chilton*, No. 1:23-cr-52-RWS-ACL-1 (E.D. Mo.).  As of the date of this Memorandum and Order, the parties are briefing pretrial motions for the Court and there is an evidentiary hearing on such motions scheduled for March 6, 2024.  *Id.* at ECF No. 53.  Petitioner is represented by counsel in those proceedings but he has submitted various pro se filings to the Court, including a letter challenging the Court's jurisdiction, a demand for speedy trial, a motion to dismiss, and a motion to suppress evidence.  *Id.* at ECF No. 28.  Relevant here,

Petitioner filed a 'Petition Habeas Corpus' in this pending criminal case that contains the same arguments as the original Petition filed in this civil matter. *Id.* at ECF No. 33. The Court addressed Petitioner's arguments for a Writ in his criminal matter at a court hearing held on October 5, 2023. In addition, the Court held a bond hearing on January 3, 2024, to consider Petitioner's motion for bond. *Id.* at ECF Nos. 45, 46, & 48. Subsequently, on January 4, 2024, the Court issued an Order granting Petitioner's request to re-open his detention hearing but denying Petitioner's request for pretrial release. *Id.* at ECF No. 49.

### § 2241 Petition and Supplement

Petitioner initiated this § 2241 action with a handwritten Petition received on October 10, 2023. ECF No. 1. He did not prepare the Petition using a Court-provided form as required by this Court's Local Rules, and his claims are difficult to discern. Even so, it is clear that Petitioner filed the Petition to challenge the above-referenced pending criminal action and raise defenses to it. Condensed and summarized, Petitioner claims his due process rights have been violated by a delay in a federal bond decision; that the Court lacks jurisdiction to pursue the federal charge against him; and that the criminal statute under which he has been charged violates the fundamental principles of federalism. *Id.* at 1-3.

On December 6, 2023, Petitioner filed another § 2241 action in this Court. *See Chilton v. USA*, No. 1:23-cv-214-RLW (E.D. Mo.). The Court construed the Petition in that matter as a supplemental petition intended for this case because it also alleged illegal detention by the United States in relation to his pending criminal case. *Id.* at ECF No. 2. As such, the Court directed that Petitioner's application be transferred to this matter to be filed as a supplement, and then Petitioner's other § 2241 was administratively closed on December 12, 2023. *Id.*

2

The supplement (dated December 3, 2023) that was filed in this case as a result of the Court's Order in Petitioner's other § 2241 action, seeks relief on one ground: the Missouri Second Amendment Preservation Act, Mo. Rev. Stat. §§ 1.410-.485.  ECF No. 5 at 5.  Petitioner's only support for relief on this ground is the single statement: "This Court does not have subject matter jurisdiction due to Missouri House Bill No. 85."  In terms of the relief Petitioner seeks in this matter, he asks the Court to "inquire into the legality of detention for Case No. 1:23-cr-00052-RWS-ACL."  *Id.*

### Discussion

This action for habeas relief under § 2241 must be dismissed for multiple reasons.  First, Petitioner should pursue relief on his claims in his pending criminal matter.  When habeas claims raised by a federal pretrial detainee would dispose of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court, and then raise them on direct appeal if permissible.  *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994).  It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution.  *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted) (stating that "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"); *see also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995) (holding that the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case).

In this case, Petitioner cannot demonstrate that he has exhausted the remedies available to him in his pending criminal proceeding.  To the extent that Petitioner is raising an argument here that he has already raised in his pending criminal case, he should further pursue this claim on

3

appeal of his criminal matter.  To the extent that Petitioner is raising an argument here that he has not yet raised in his criminal case, he should pursue relief on the claim in that matter.  Because Petitioner cannot demonstrate exhaustion of any of his claims, relief under § 2241 is unavailable to him.  As noted above, Petitioner cannot file a § 2241 petition to raise defenses to a pending federal criminal prosecution.  To determine otherwise would interfere with the trial judge's control over Petitioner's pending criminal case, encourage "judge shopping," and cause needless duplication of judicial resources.

Second, the ground on which Petitioner seeks relief—the Missouri Second Amendment Preservation Act—has been found unconstitutional.  Pursuant to 28 U.S.C. § 2241(c)(3), a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.  In this case, Plaintiff seems to allege that his federal criminal charge (*i.e.*, being a felon in possession of a firearm) is unconstitutional under the Missouri Second Amendment Preservation Act, a state law making federal gun restrictions illegal in Missouri.  *See* Mo. Rev. Stat. §§ 1.410-1.485.  However, the Missouri Second Amendment Preservation Act has been found unconstitutional.  *See United States v. Missouri*, 660 F. Supp. 3d 791 (W.D. Mo. 2023).  The United States Court of Appeals for the Eighth Circuit and United States Supreme Court both denied Missouri's application for a stay pending appeal of this decision.  *See United States v. Missouri*, No. 23-1457, 2023 WL 6543287 (8th Cir. Sept. 29, 2023); *Missouri v. United States*, 601 U.S. --, 144 S.Ct. 7 (2023).  Thus, there are no grounds on which the Court can find that Petitioner is being held "in violation of the Constitution" and the Court must dismiss this Petition.

For these reasons, the Court will therefore dismiss the Petition without further proceedings. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of February, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE